# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Terrance D. McLamore, ) | Criminal No. 3:09-00288-MBS |
| ) | |
| Movant, ) | |
| v. ) | |
| ) | **ORDER AND OPINION** |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

This matter is before the court pursuant to a pro se motion by Terrance D. McLamore ("Movant" or "McLamore") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("motion to vacate"). (ECF No. 107.) The United States of America ("Respondent") opposes the motion to vacate and moves the court to either dismiss the matter or, in the alternative, grant it summary judgment. (ECF No. 110.) For the reasons set forth below, the court denies Movant's motion to vacate, grants Respondent's motion for summary judgment, and denies as moot Respondent's motion to dismiss.

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Movant is a federal prisoner currently incarcerated at the Federal Correctional Institution in Edgefield, South Carolina. (ECF No. 107-2.) In the instant matter, a federal grand jury indicted Movant on March 11, 2009, for one count of possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e). (ECF No. 1.) On March 17, 2009, Movant entered an initial plea of not guilty to the charge in the indictment. (ECF No. 10.) Thereafter, on August 20, 2009, Movant pleaded guilty to the one count in the indictment in accordance with the terms of a written plea agreement. (ECF Nos. 53, 56.) In the plea

1

agreement, Defendant agreed that he was subject to increased penalties under 21 U.S.C. § 851 based on three prior drug convictions and one conviction for attempted carjacking and assault of a high and aggravated nature. (ECF No. 53 at 2.)

On June 2, 2010, the Honorable Matthew J. Perry, Jr. sentenced Movant to a term of imprisonment of 180 months, followed by 5 years of supervised release.[1] (ECF No. 69.) Thereafter, on June 16, 2010, Movant filed a notice of appeal with the Court of Appeals for the Fourth Circuit (the "Fourth Circuit") regarding his conviction and sentence. (ECF No. 71.) On June 2, 2011, the Fourth Circuit affirmed Movant's conviction and sentence. (ECF No. 105.)

On June 4, 2012, Movant filed the instant motion to vacate his sentence, asserting ineffective assistance of counsel as his ground for relief. (ECF No. 107.) Specifically, Movant asserted that he was forced to abandon a plea of "not guilty" because his attorney (1) advised Movant that he did not have a defense to the felon in possession of a firearm charge in the indictment, and (2) failed to advise Movant about the availability of the defense of justification. (Id. at 2-3.) Respondent filed opposition to Movant's motion to vacate and a motion to dismiss or, in the alternative, for summary judgment on June 28, 2012. (ECF No. 110.) Movant filed a reply in support of his motion to vacate on August 6, 2012. (ECF No. 118.)

The court has reviewed the record and finds that the motions of Movant and Respondent are suitable for disposition without evidentiary hearing or oral argument.

## II. LEGAL STANDARD

A. <u>Motions to Vacate Generally</u>

A federal prisoner in custody may challenge the fact or length of his detention by filing a

---

[1] On June 5, 2012, the case was reassigned to the Honorable Margaret B. Seymour. (ECF No. 106.)

motion pursuant to 28 U.S.C. § 2255. To receive relief under 28 U.S.C. § 2255, a movant is required to prove by a preponderance of the evidence that his sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). If this showing is made, the court must "vacate and set the judgment aside" and "discharge the prisoner or resentence him or grant a new trial to correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). If, on the other hand, "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the court may summarily deny the petition without holding a hearing. Rule 4(b), Rules Governing Section 2255 Proceedings; see also 28 U.S.C. § 2255(b) (a hearing is not required on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief).

Generally, when a movant attacks his sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack. See United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999) (citing United States v. Frady, 456 U.S. 152, 167-68 (1982); United States v. Maybeck, 23 F.3d 888, 891-92 (4th Cir.1994)). However, "an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." Massaro v. United States, 538 U.S. 500, 504 (2003).

B. Ineffective Assistance of Counsel

The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 686 (1984). To prevail on a claim of ineffective assistance of counsel, Movant must show both that his attorney's performance fell below an objective standard of reasonableness and that he suffered actual prejudice. Strickland, 466 U.S. at 687. To demonstrate deficient performance, Movant must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Id. Competency is measured by what an objectively reasonable attorney would have done under the circumstances existing at the time of the representation. Id. at 687-88. To demonstrate actual prejudice, Movant, because he is alleging ineffective assistance of counsel in connection with the entry of a guilty plea, must show that "there is a reasonable probability that but for counsel's errors he would not have pleaded guilty and would have insisted on going to trial." Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. 1988). A "reasonable probability" is "a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. Even if counsel's performance is outside the wide range of professional assistance, an error by counsel will not warrant setting aside the conviction if the error had no effect on the judgment. Id. "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Id. at 697.

C. Liberal Construction of Pro Se Claims

The court is required to construe pro se pleadings liberally. See, e.g., Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972); Loe v. Armistead, 582

4

F.2d 1291, 1295 (4th Cir. 1978); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. Haines, 404 U.S. at 520. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390–91 (4th Cir. 1990).

### III. ANALYSIS

A. The Arguments of the Parties

In his motion to vacate, Movant argues that he was forced to withdraw a previously entered plea of "not guilty" and plead guilty because his attorney (1) advised Movant that he did not have a defense to the felon in possession of a firearm charge in the indictment, and (2) failed to advise Movant about the availability of the defense of justification. (ECF No. 107 at 2-3.) Movant further argues that the facts of his case would have supported a defense of justification because he was compelled to acquire guns after he was shot 5 times and wounded by someone with a gun. (Id. at 2.)

In opposing the motion to vacate, Respondent first argues that the performance of Movant's plea counsel, David B. Betts ("Betts"), was not deficient. In support of this argument, Respondent submitted an affidavit from Betts, who addressed Movant's claim that he was not advised about the availability of the justification defense. (See ECF No. 110-2.) Specifically, Betts repudiates Movant's assertions, stating that while he could not "recall whether he ever actually used the term 'justification defense' in discussing McLamore's explanation for why he had the guns, he does recall telling him that, unfortunately, the facts he related did not constitute a valid excuse." (Id. at 1.) In this regard, Betts stated that he "had on previous occasions

5

researched the requirements for a justification defense in a felon-in-possession case . . . [and] he did tell McLamore that his fear regarding the mere possibility of a future attack, while perhaps understandable, was not sufficient to excuse his conduct because he was not in any imminent danger when is home was searched and the guns discovered." (Id. at 1-2.)

Respondent next opposes the motion to vacate, arguing that Movant is unable to establish prejudice. In support of this argument, Respondent asserts that any defense of justification asserted on Movant's behalf would have failed for lack of support for at least 2 of the 4 elements necessary to establish a successful defense to a felon in possession of a firearm charge. (ECF No. 110-1 at 4 (citing U.S. v. Mooney, 497 F.3d 397, 406 (4th Cir. 2007) (To be entitled to a justification defense to a felon-in-possession charge, "a defendant must produce evidence at trial that would allow the fact finder to conclude that he: (1) was under unlawful and present threat of death or serious bodily injury; (2) did not recklessly place himself in a situation where he would be forced to engage in criminal conduct; (3) had no reasonable legal alternative (to both the criminal act and the avoidance of the threatened harm); and (4) [that there was] a direct causal relationship between the criminal action and the avoidance of the threatened harm.") (citations omitted)).) Specifically, Respondent asserts that Movant is unable to establish the first and third elements of a justification defense to a felon in possession charge, requiring Movant to be "under lawful and present threat of death or serious bodily harm" and to not have any "reasonable legal alternative to both the criminal act and the avoidance of the threatened harm." (Id. at 4-6.)

In his reply in support of the motion to vacate, Movant does not dispute Betts' statement that he had addressed the merit in Movant's alleged justification for possessing guns. However, Movant does attempt to support his motion to vacate by claiming that Betts conceded in his

affidavit that Movant "was entitled to a justification defense," which concession Betts does not actually make. (See ECF No. 118 at 2 ("Counsel was well aware of McLamore's claim that he was justified in possessing guns in his home because he had previously been shot at and wounded in the leg . . . ."); see also ECF No. 110-2.)

B.  The Court's Review

Upon the court's review, Movant has not met his burden of establishing either deficient performance by his attorney or that he suffered actual prejudice as a result of his attorney's deficient performance. In this regard, the underlying record does not support Movant's claim that he would have been entitled to the defense of justification to a felon in possession charge if he had maintained his plea of not guilty and the defense had been raised by his attorney. Consequently, Movant's motion to vacate fails as a matter of law and Respondent is entitled to summary judgment.

## IV.  CONCLUSION

Upon careful consideration of the entire record and the arguments of the parties, the court is of the opinion that Movant Terrance D. McLamore's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 should be and is hereby **DENIED** with prejudice. The motion for summary judgment of the United States of America is hereby **GRANTED** and its motion to dismiss is **DENIED** as moot.

## V.  CERTIFICATE OF APPEALABILITY

A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his

constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See, e.g., Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). In this matter, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, the court **DENIES** a certificate of appealability.

    **IT IS SO ORDERED**.

                                        s/Margaret B. Seymour
                                        MARGARET B. SEYMOUR
                                        SENIOR UNITED STATES DISTRICT JUDGE

June 14, 2013
Columbia, South Carolina